This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41477

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.

**FRANK LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Court Judge**

Christopher J. Naim-Mahan, Deputy City Attorney
Roswell, NM

for Appellee

Frank Lucero
Roswell, NM

Pro Se Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from his convictions for failure to have registration, insurance, or a driver's license, and a charge of unlawful use of a license (prohibiting driving while one's license is suspended, in violation of Roswell, N.M., City Code of Ordinances § 12-6-12.6 (2001)). [2 RP 456-58] In this Court's notice of proposed disposition, we proposed summary affirmance. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue that his constitutional rights were violated when the district court allowed a police officer witness

for the City of Roswell (the City) to testify remotely via audio-visual technology at the bench trial in his case, pursuant to Supreme Court Order No. 23-8500-013 (March 31, 2023) (the Supreme Court Order). Defendant specifically contends that the district court erred by conducting the trial in a "hybrid-virtual manner" by allowing the City's witness to appear via audio-video over Defendant's objections, while Defendant, counsel for the City, and the district court appeared in person. [DS 13]

{3}     Defendant's specific objections and citations narrow his argument. Defendant acknowledges that the Supreme Court Order was in place at the time of his trial and that the Order states, "[T]he presumption is that all criminal traffic hearings, including traffic bench trials, shall be conducted remotely unless the presiding judge, in consultation with the chief judge of the judicial district orders otherwise, on a case by case basis." [Order at 2] However, in his memorandum in opposition, Defendant argues that the district court considered Defendant's trial to be a "*criminal* 'bench trial.'" [MIO PDF 3] Defendant argues that his case was a "*criminal matter*" in a "*criminal proceeding.*" [MIO PDF 3] Defendant notes that the Supreme Court Order does not "explicitly or implicitly state that the presumption applies to bench trials where [the] defendants are charged with a motor vehicle offense that carries [a] potential sentence of incarceration." [MIO PDF 4] Defendant suggests that the Supreme Court Order's language as to criminal traffic hearings should be limited to traffic charges that carry "punitive sanction(s)" and are not "trials on the merits." [MIO PDF 4] Defendant asserts that the Supreme Court Order's "traffic bench trials" are therefore "non[]criminal bench trials, on the merits, involving a non[]criminal traffic offense, with monetary remedy." [MIO PDF 4] Defendant claims that the Supreme Court Order's use of "traffic bench trials" should be interpreted to mean a trial where "a person is charged with violating a non[]criminal traffic offense that does not carry a jail sentence, [and] the remedy is a monetary sanction." [MIO PDF 4-5] This Court cannot agree with that conclusion.

{4}     It appears to this Court that the plain language of the Supreme Court Order encompasses Defendant's trial in the presumption that such trials "shall be conducted remotely." [Order at 2] We note that Defendant was convicted of driving while his license was suspended pursuant to the Roswell City Code, and the district court sentenced Defendant to ninety days in custody. [2 RP 457] Nonetheless, even with Defendant's custodial sentence, Defendant's case appears to fall within the Supreme Court Order's presumption that "all criminal traffic hearings, including traffic bench trials," shall be conducted remotely. [Order at 2] We disagree with Defendant's assertion that a "criminal traffic hearing" or a "traffic bench trial" cannot include charges that carry a penalty of a custodial sentence. Defendant cites cases that discuss, in various legal contexts, distinctions between traffic charges carrying civil and criminal penalties. [MIO 5-6] But these cases do not support Defendant's conclusion that our Supreme Court did not intend to include traffic cases that could result in a custodial sentence within the presumption for remote hearings contained in the Supreme Court Order.  On its first page, the Supreme Court's order sets for its intention to incorporate, in relevant part, "remote proceedings and appearances for some witnesses and parties, as well as certain requirements for traffic cases." [Order at 1] There are many traffic charges contained within the Motor Vehicle Code that carry custodial sentences. While it is true

that many traffic charges fall within the category of a penalty assessment misdemeanor, *see, e.g.*, NMSA 1978, § 66-8-116 (2023) (providing a definition of penalty assessments and a schedule of assessments), many other traffic charges carry a penalty of time in custody. The traffic code clearly anticipates custodial sentences for traffic charges and states,

> Unless another penalty is specified in the Motor Vehicle Code, every person convicted of a misdemeanor for violation of any provision of the Motor Vehicle Code shall be punished by a fine of not more than three hundred dollars ($300) or by imprisonment for not more than ninety days or both.

NMSA 1978, § 66-8-7(B) (1989). Nothing in our Supreme Court's Order suggests that it intended to limit the Order to one or another type of "traffic case[]" based on the associated punishment. [Order at 1] In light of these definitions, we decline to accept Defendant's interpretation that only traffic charges with financial penalties are subject to the Supreme Court Order's presumption for "all criminal traffic hearings, including traffic bench trials." [Order at 2] There is no basis in the Motor Vehicle Code for this Court to rely upon to conclude that Defendant's driver's license charge pursuant to the Roswell City Code, should not have been subject to the Supreme Court Order's presumption of a remote traffic bench trial.

**{5}** To the extent that Defendant contends that the Order's application to charges resulting in incarceration deprived him "of his constitutional right to confrontation," [MIO 6] we have noted that "'a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured.'" *State v. Smith*, 2013-NMCA-081, ¶ 8, 308 P.3d 135 (quoting *Maryland v. Craig,* 497 U.S. 836, 850 (1990)). Our Supreme Court, in its Order, outlined the necessity and important policy supporting the need for video testimony: the rapid shift to video testimony that was required by the pandemic demonstrated that video testimony increased access to justice and judicial efficiency and conserved time and resources. [Order at 1] As noted in our calendar notice, this Court lacks authority to review challenges to the effect and propriety of the New Mexico Supreme Court's own orders in this case. [CN 3-4]

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court.

**{7}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**